IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELLY C. PIERRE,                    :
                                    :
        Petitioner                  :
                                    :   CIVIL NO. 4:CV-08-1458
                                    :
    v.                              :   (Judge Jones)
                                    :
WARDEN DURAN, *et al.*,             :
                                    :
        Respondents                 :

## MEMORANDUM

August _27_, 2008

Kelly C. Pierre, an inmate presently confined at the Clinton County

Correctional Facility, McElhattan, Pennsylvania, filed this *pro se* Petition for

Writ of Habeas Corpus ("Petition") pursuant to the provisions of 28 U.S.C.

§ 2241. Named as Respondents are the Warden of the Clinton County

Correctional Facility and United States Immigration and Customs Enforcement

("ICE") Office. For the reasons set forth below, the Petition will be

dismissed as premature.

## I.    BACKGROUND

On August 22, 2006, Pierre was convicted in the United States District Court

for the Southern District of New York for the offense of conspiracy to commit mail

and wire fraud under 18 U.S.C. § 371. (Doc. 2-2 at 5.) Pierre was sentenced to a

forty-six (46) month term of imprisonment. (*Id.*)

On January 12, 2007, a Notice of Intent to Issue a Final Administrative

Removal Order was served on Pierre at the Allenwood Federal Correctional

Institution ("FCI-Allenwood"). (*See* Doc. 2-2 at 3.) The Notice informed Pierre that

the INS had determined that he was amenable to expedited administrative removal

proceedings pursuant to section 238(b) of the Immigration and Nationality Act

("Act"), 8 U.S.C. § 1228(b). (*See id.*) The determination was based upon the

allegations that Pierre is not a citizen or national of the United States; he is a native of

Trinidad and Tobago and a citizen of Venezuela; he entered the United States on June

18, 1971 as a G-1 non-immigrant; he is not lawfully admitted for permanent

residence; and he was convicted of an aggravated felony. (*See id.* at 3, 5.) On May

31, 2007, a Final Administrative Removal Order was served on Pierre ordering that

he be removed from the United States to Trinidad and Tobago or Venezuela. (*See id.*

at 6.)

In the instant Petition, Pierre avers that he has been in ICE custody at the

Clinton County Correctional Facility since July 18, 2008. (*See* Doc. 2-1 at 2.) On

2

that date, Pierre was released from the custody of the Federal Bureau of Prisons ("BOP").[1]

Pierre raises the following issues in the Petition: 1) he is being held illegally at the Clinton County Correctional Facility because there is no court order directing that he be confined for the violation of any law; 2) he entered the United States through legal means and therefore, the order directing his removal is defective; 3) he was deprived of an administrative or judicial removal proceeding; and 4) his right to procedural due process was violated when an ICE agent refused his request for judicial review of his removal order. (*See* Doc. 1 at 8-11.)  He requests a stay of removal proceedings so that he may voluntarily depart the United States. (*See id.* at 9.)

## II.   DISCUSSION

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the

---

[1]The Court accessed the Inmate Locator feature on the Federal Bureau of Prisons website and confirmed that Pierre was released from BOP custody on July 18, 2008.

face of the petition and any attached exhibits that the petitioner is not entitled to relief

in the district court, the judge must dismiss the petition and direct the clerk to notify

the petitioner." A petition may be dismissed without review of an answer "when the

petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts

can be determined from the petition itself . . . ." *Allen v. Perini*, 424 F.2d 134, 141

(6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970). *Accord Love v. Butler*, 952 F.2d

10, 15 (1st Cir. 1991). District courts have "a duty to screen out a habeas corpus

petition which should be dismissed for lack of merit on its face." *Allen* 424 F.2d at

141.

It initially is noted that, if Pierre wishes to challenge the legality of his removal

proceedings, he must initiate an action in the appropriate Court of Appeals. The

REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, provides that the exclusive remedy

for challenging an order of removal is a petition for review filed with "the court of

appeals for the judicial circuit in which the immigration judge completed the

proceedings." 8 U.S.C. § 1252(b)(2); *see also id.* § 1252(a)(5); *Jordon v. Attorney

Gen.*, 424 F.3d 320, 326 (3d Cir. 2005).

However, this Court has jurisdiction over the Petition to the extent that it seeks

Pierre's immediate release on bond pending removal. Detention, release, and removal

of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under

4

§ 1231(a), the Attorney General has 90-days to remove an alien from the United

States after his order of removal, during which time detention is mandatory.  At the

conclusion of the 90-day period, the alien may be held in continued detention, or may

be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & (6).  Section

1231(a)(1)(B) provides when the 90-day period begins to run, as follows:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court
> orders a stay of the removal of the alien, the date of the court's
> final order.
>
> (iii) If the alien is detained or confined (except under an
> immigration process), the date the alien is released from detention
> or confinement.

8 U.S.C. § 1231(a)(1)(B).

In the instant case, Pierre acknowledges that he completed service of his

federal criminal sentence and was released from the custody of the BOP on July 18,

2008.  (*See* Doc. 2-1 at 2.)  Thus, pursuant to § 1231(a)(1)(B)(iii), the 90-day removal

period began to run as of that date.  *See Vasquez v. ICE*, 160 Fed. Appx. 199, 201 (3d

Cir. 2005).  Pierre clearly is subject to the 90-day post-removal order period of

mandatory detention.[2]   Because Pierre's 90-day period of mandatory detention has not

yet expired, his present Petition is premature and will be dismissed without prejudice.

An appropriate Order shall issue.

---

[2] Immediately following the expiration of the ninety (90) day removal period, ICE's field office director having jurisdiction over the alien shall initiate an initial custody determination as to whether the detainee should be released.